## Ex Parte Solares.

### Application for a writ of Habeas Corpus.

#### No. 16.—Decided August 28, 1903.

Warrant of Arrest—Requisites—A warrant of arrest must be issued in the name and by the authority of the People of Porto Rico, without which requisite the warrant is null and void.

Security to Keep the Peace—Proceedings—In proceedings instituted for the purpose of obtaining security to keep the peace, the accused is entitled to be heard and introduce evidence in his behalf in accordance with the provisions of section 67 of the Penal Code.

#### STATEMENT OF THE CASE.

The writ issued for the production of the prisoner Eloy Solares Vanga, before the court, having been duly returned, the hearing of the case was had, when counsel for petitioner requested that the record of proceedings instituted by the justice of the peace of Manatí, in the matter of the complaint made before him against Solares and which led to his imprisonment, be submitted, and the representative of the Attorney General having assented to said request, the aforesaid record was called for and brought before the court. From the said record it appears that immediately upon the ratification of the charge by the complainant and confirmation thereof by three witnesses whose testimony was given

vos declarantes, dictó seguidamente el Juez de Paz de Manatí el auto disponiendo que el denunciado Eloy Solares prestara fianza ó caución en cantidad de quinientos pesos, comprometiéndose á no turbar la paz contra el Pueblo de Puerto Rico, y particularmente contra el denunciante, y cuya fianza sería válida y obligatoria por el término de seis meses; y que notificado Solares de la denuncia, y requerido para que prestara la referida fianza, por diligencia extendida á continuación de dicho auto, y suscrita por el Juez de Paz y Secretario del Juzgado, manifestó Solares que negaba la denuncia y que carecía de bienes para prestar dicha fianza, diligencia que aparece sin la firma del denunciado, no obstante que sabe escribir, y sin que se explique el motivo de no haberla firmado; y que no habiendo prestado la fianza que se le exigía, expidió el Juez de Paz el mandamiento para la prisión del denunciado, en su sólo nombre y por su propia autoridad.

*Resultando:* que continuada la vista en el día de ayer, presentó escrito el abogado defensor del promovente interesando la libertad de su defendido, entre otras razones, por no habérsele oído en la forma que prescribe el Art. 67 del Código Penal vigente, y por la nulidad del mandamiento, por no haber sido expedido en nombre del Pueblo de Puerto Rico, ofreciendo pruebas, y pidiendo subsidiariamente la reducción de la fianza; habiendo estado conforme el representante del Ministerio Fiscal, con lo alegado por el abogado defensor del promovente, en cuanto á la nulidad del mandamiento.

Abogado del peticionario: *Sr. Ginorio ( Emigdio S. )*

Abogado del Pueblo: *Sr. Feuille,* Assistant Attorney General.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión:

*Considerando:* que no habiendo sido expedido el mandamiento para la prisión del denunciado Eloy Solares, en nombre y por la autoridad del Pueblo de Puerto Rico, como lo

in writing over their signatures, the justice of the peace of Manatí issued an order directing that the accused Eloy Solares, be required to give bond in the sum of five hundred dollars to keep the peace toward the People of Porto Rico, and particularly toward the complainant, which bond would be valid and binding for six months; and that upon being served with notice of said complaint and required to furnish the said bond, according to return of said service entered at the end of the order and signed by the justice of the peace and clerk of the court, Solares stated that he denied the charge and had no property wherewith to furnish such bond, said return appearing without the signature of the accused, although he was able to write, no reason being given for such omission; and that Solares having failed to furnish the bond required of him, the justice of the peace had issued the warrant for his arrest, solely in his name and by his own authority.

The hearing having been resumed yesterday, counsel for petitioner filed an application for the discharge of his client, alleging among other reasons, that he had not been heard in the manner prescribed by section 67 of the Penal Code in force; that the warrant was void because it had not been issued in the name of the People of Porto Rico, all of which he would prove, and incidentally asked that the amount of the bond be reduced. The representative of the Attorney General indorsed the allegations of counsel for petitioner with reference to the nullity of the warrant.

*Mr. Emigdio S. Ginorio*, for petitioner.

*Mr. Feuille*, Assistant Attorney General, for the People.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the following opinion:

The warrant for the arrest of Eloy Solares not having been issued in the name and by the authority of the People of Porto Rico, as generally provided by the Code of Criminal Procedure for this class of documents, in compliance with the provisions of section 16 of the Organic Act for the

dispone por regla general, para esa clase de documentos, el Código de Enjuiciamiento Criminal, en cumplimiento de lo que sobre el particular prescribe la Sección 16 de la Ley Orgánica, para el gobierno y administración civil de esta isla, de 12 de Abril de 1900, es nulo dicho mandamiento, y no ha podido surtir efectos eficaces para privar de su libertad al promovente Eloy Solares.

*Considerando*, á mayor abundamiento que no habiendo sido oído éste en la forma que prescribe el Art. 67 del Código Penal, no ha podido condenarlo el Juez de Paz de Manatí sin extralimitarse de su jurisdicción, que no lo autorizaba para condenar al procesado ántes de oirlo y de recibir sus pruebas, si las hubiera presentado, y por consiguiente con infracción de una de las formas más esenciales del juicio especial que para estos casos se establece en el Título 6 del vigente Código Penal.

government and civil administration of this Island, approved April 12, 1900, said warrant is void and cannot have the effect of depriving the petitioner Eloy Solares of his liberty.

Moreover, inasmuch as the latter has not been heard in the manner prescribed by section 67 of the Penal Code, the justice of the peace of Manatí could not convict him without exceeding his jurisdiction which did not authorize him to convict the accused before hearing him and receiving his evidence, should he have presented any, and thus violating one of the most essential requirements of the special procedure provided for such cases under Title VI of the Penal Code in force.

. Wherefore, the case must be considered as coming under paragraphs 1 and 3 of section 483 of the Code of Criminal Procedure, for which reason the petitioner should be discharged. The prisoner Eloy Solares Vanga is ordered to be immediately discharged from custody, and the warden of the jail notified of this decision for compliance therewith and the proper order issued to give further effect thereto. The record of proceedings forwarded to the Chief Justice relating to the imprisonment of said Eloy Solares is directed to be returned to the justice of the peace of Manatí with a copy of this decision for his information and guidance.